# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MERCEDES SUROS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

VERTILUX LIMITED, VERTILUX
MANAGEMENT, INC., JOSE GARCIA
and BERNARDO MENDEZ,

    Defendants.

_____/

## **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**

As provided by 28 U.S.C. §1441 *et seq.*, Defendants, VERTILUX LIMITED and, VERTILUX MANAGEMENT, INC., ("Defendants"), hereby file this Notice of Removal of the above-styled action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, where the action is now pending under Case Number 2019-037833-CA-01, to the United States District Court for the Southern District of Florida. In connection with this Notice of Removal, Defendants state:

1. The above-styled action was commenced by Plaintiff, MERCEDES SUROS ("Plaintiff"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, State of Florida, by the filing of a Complaint on or about December 27, 2019. Defendants were each served with a copy of the Complaint on February 5, 2020. The Complaint is attached hereto as Exhibit A.

2. Codefendants Jose Garcia and Bernardo Mendez have not yet been served with a copy of the Complaint.

3. The action, which is of a civil nature, involves claims by Plaintiff under the Fair Labor Standards Act. Specifically, Plaintiff claims that Defendants intentionally did not pay Plaintiff overtime wages for work performed in alleged excess of 40 hours weekly.

4. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, *et seq.* ("FLSA"), since Plaintiff is alleging violations of a federal statute – the Fair Labor Standards Act, codified at 29 U.S.C. §201, *et seq.*

5. As noted above, Defendants first received a copy of the Complaint on February 5, 2020. Thus, this Notice of Removal is timely, since 28 U.S.C. 1446(b) grants parties thirty (30) days to remove an action to Federal Court "after receipt . . . of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. 1446(b).

6. Defendants Vertilux Limited and Vertilux Management, Inc. are the only two defendants served in this case to date, both are represented by undersigned counsel and join in this Notice of Removal. Although Jose Garcia and Bernardo Mendez have not yet been served, if they were served, they would retain undersigned counsel and also consent to removal.

7. To date, the only pleading which Defendants have received is the Complaint, a copy of which is attached as Exhibit A.

8. Given that the above-styled state court action is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, this case is removable to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1441(a).

9. Defendants will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

# MEMORANDUM OF LAW

A. <u>The United States District Court Has Jurisdiction Over this Matter</u>

A state court action may be removed to a United States District Court where "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. §1441(a). In the instant case, original jurisdiction is available under either 28 U.S.C. §1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

### 1. The Case Asserts a Claim Arising Under the Laws of the United States

This civil action purports to arise under federal law, since Plaintiff alleges that Defendants violated the Fair Labor Standards Act, a federal statute, codified at 29 U.S.C. §201, *et seq.*

B. <u>Defendants Have Complied With the Procedure for Removal</u>

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446. Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446(a). When a civil action is removed pursuant to §1446(a) only, "all defendants who have been served must join in or consent to the removal of the action." Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading. *See* 28 U.S.C. §1446.

Paragraphs 1 through 9 above set forth the grounds on which removal is sought, specifically citing the federal statutes upon which original jurisdiction is premised (under both 28

U.S.C. § 1331 and 28 U.S.C. § 1332) and the factual support for that jurisdiction. Accordingly, Defendants have complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for removal accompany any notice of removal. Moreover, as explained above, to date, the only two defendants who have been served are Defendants Vertilux Limited and Vertilux Management, Inc., both of which join this Notice of Removal. The other two defendants, individuals Jose Garcia and Bernardo Mendez have not been served to date, but undersigned counsel can affirm that, upon service, Messrs. Garcia and Mendez would be represented by undersigned counsel and they consent to this removal. In addition, this notice has annexed to it, as Exhibit A, a copy of all process, pleadings and other papers that have been served on Defendants in compliance with 28 U.S.C. §1446.

**C.   Conclusion**

Defendants have complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida which govern removal from state court, and this Court has original jurisdiction over this matter. Accordingly, Defendants respectfully request that the United States District Court for the Southern District of Florida take jurisdiction over this action, although Defendants do not waive any objections that one or both of them have to personal jurisdiction and/or venue.

WHEREFORE, Defendants, Vertilux Limited and Vertilux Management, Inc., hereby give notice that the state court action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2019-03833-CA-01 is removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 24th day of February, 2020.

 *s/ Jose I. Leon*
Jose I. Leon, Esq.

Florida Bar No. 0958212
jleon@gordonrees.com
GORDON & REES
SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone:  305-428-5322
Facsimile:   877-644-6209
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2020, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List by electronic mail.

                                             *s/ Jose I. Leon*
                                             Jose I. Leon, Esq.

**Service List**

Alberto Naranjo, Esq.
AN LAW FIRM, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016
Email:  AN@ANlawfirm.com
Telephone:  305-942-8070
*Counsel for Plaintiff*