UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20781-BLOOM/Louis

MERCEDES SUROS,

    Plaintiff,

v.

VERTILUX LIMITED, VERTILUX
MANAGEMENT, INC., JOSE GARCIA,
and BERNARDO MENDEZ,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the Plaintiff Mercedes Suros' Motion to Amend Amended Complaint. ECF No. [30] ("Motion"). Defendants Vertilux Limited, Vertilux Management, Inc., Jose Garcia, and Bernardo Mendez (collectively, "Defendants") filed their Response in Opposition, ECF No. [33] ("Response"), to which Plaintiff filed a Reply, ECF No. [34] ("Reply"). The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Plaintiff originally initiated this Fair Labor Standards Act[1] action against Defendants in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on December 27, 2019. ECF No. [1-3]. Defendants removed this action to federal court on February 24, 2020. ECF No. [1]. On March 16, 2020, Plaintiff filed an Amended Complaint. ECF No. [10]. Further, on March 17, 2020, this Court issued its Order Setting Trial and Pre-trial Schedule Requiring Mediation, and Referring Certain Matters to Magistrate Judge, ECF No. [12]

---

[1] 29 U.S.C. § 201, *et seq.* ("FLSA").

("Scheduling Order"), which set the deadline to file all motions to amend pleadings on May 18, 2020. *Id.* at 2.

On May 18, 2020, Plaintiff filed the instant Motion, requesting leave to amend her pleading a second time, ECF No. [30-1], to add two additional defendants who were alleged to be involved in the events surrounding this case. Defendants filed a Response on May 26, 2020, opposing the requested amendment on grounds of futility and vagueness. On June 2, 2020, Plaintiff filed a Reply, with an updated and corrected proposed Second Amended Complaint, ECF No. [34-1] ("Second Amended Complaint"), which cured the technical defects and vagueness issues Defendants raised in their Response and which removed one of the two additional defendants Plaintiff initially sought to add. Thus, for the purposes of this Order, the Court will rely on the Second Amended Complaint, ECF No. [34-1], as the proposed amended pleading.

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla.

2014) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." (citation omitted)).

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, Plaintiff timely sought the Court's permission to file the Second Amended Complaint by the deadline set forth in the Scheduling Order — i.e., May 18, 2020. Thus, absent any apparent or compelling reason for denial, leave to amend should be freely given, as required by Rule 15(a)(2). *See Foman*, 371 U.S. at 182. Defendants' Response argues that leave to amend should be denied, citing issues of futility and vagueness in the originally proposed amended

pleading. However, the Second Amended Complaint attached to Plaintiff's Reply cures the technical deficiencies and clearly sets forth relevant allegations against each named Defendant in separate counts. *See* ECF No. [34-1]. The Court concludes that the Second Amended Complaint clearly sets forth facts and circumstances that may be a proper subject of relief. This is sufficient for the purposes of Rule 15(a)(2).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [30]**, is **GRANTED**. Plaintiff is ordered to separately refile the Second Amended Complaint, **ECF No. [34-1]**, **by no later than June 17, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record