UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-20781-BLOOM/Louis

MERCEDES SUROS,
individually and in behalf
of all others similarly situated,

 Plaintiff,
vs.

VERTILUX LIMITED, VERTILUX
MANAGEMENT, INC., JOSE GARCIA,
BERNARDO MENDEZ and
JAVIER HERNANDEZ.

 Defendants.
_____/

**JOINT MOTION FOR APPROVAL
OF ATTACHED SETTLEMENT AGREEMENT**

 The parties, Plaintiff MERCEDES SUROS ("Plaintiff") and Defendants, VERTILUX LIMITED, VERTILUX MANAGEMENT, INC., JOSE GARCIA, BERNARDO MENDEZ and JAVIER HERNANDEZ ("Defendants"), by and through their undersigned counsel, hereby file this Joint Motion for Approval of Settlement Agreement, the terms of which are set forth in Exhibit A. This litigation asserts wage-and-hour claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA").

 The parties respectfully submit that the proposed settlement is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The agreement was achieved during lengthy negotiations between the parties, conducted by experienced counsel and facilitated by an experienced mediator. This case involves claims by Plaintiff that she worked a certain amount of hours in addition to forty (40) hours per workweek. Defendants maintain that Plaintiff was, at all

1

times, exempt from the overtime requirement of the FLSA, pursuant to the exemption for Administrative Employees, codified at 29 U.S. C. § 213(a)(1).

If approved by the Court, the agreement would make a settlement payment available to Plaintiff, in an amount representing a compromise. The agreement assures that Plaintiff will be paid promptly for his claim. For Defendants, the agreement assures finality.

For the foregoing reasons, the parties respectfully request that the Court approve the proposed Settlement Agreement attached hereto as Exhibit A.

Respectfully submitted this 1st day of September 2020.

| | |
|---|---|
| *s/ Alberto Naranjo* | *s/ Jose I. Leon* |
| Alberto Naranjo, Esq. | Jose I. Leon, Esq. |
| Florida Bar No. 188239 | Florida Bar No. 0958212 |
| AN@ANLawFirm.com | jleon@grsm.com |
| AN Law Firm, P.A. | GORDON REES SCULLY MANSUKHANI |
| 7900 Oak Ln # 400 AN | 100 SE Second Street, Suite 3900 |
| Miami Lakes, FL 33016 | Miami, Florida 33131 |
| Telephone: 305-942-8070 | Telephone: 305-428-5330 |
| Facsimile: 305-328-3884 | Facsimile: 877-644-6209 |
| ***Counsel for Plaintiff*** | ***Counsel for Defendants*** |

# EXHIBIT "A"

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff MERCEDES SUROS (hereinafter "Plaintiff") and Defendants VERTILUX LIMITED, VERTILUX MANAGEMENT, INC., JOSE GARCIA, BERNARDO MENDEZ, AND JAVIER HERNANDEZ (collectively "Defendants") (hereinafter, Plaintiff and Defendants shall collectively be referred to as "the Parties") hereby enter into this Settlement Agreement and General Release ("Settlement" or "Agreement") of all issues involved herein, upon the following terms, which Agreement is conditioned upon entry by the United States District Court for the Southern District of Florida of a Final Order and judgment approving this Agreement and dismissing with prejudice all claims that Plaintiff brings or may bring in the Complaint, as defined below.

## RECITALS AND BACKGROUND

**A.**     **WHEREAS**, on or about November 22, 2019, Plaintiff separated from employment with Defendant VERTILUX LIMITED; and

**B.**     **WHEREAS**, on December 27, 2019, Plaintiff filed a Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case Number 2019-037833 CA 01, which case was removed by Defendants to the United States District Court for the Southern District of Florida, under Case Number 20-cv-20781-BLOOM/Louis (hereinafter referred to as "the Complaint") which Complaint alleged a claim of unpaid overtime under the Fair Labor Standards Act; and

**C.**     **WHEREAS**, the Parties are desirous of reaching a final settlement and resolution of all pending claims and disputes in the Complaint; and

**D.**     **WHEREAS**, in the Complaint, the Plaintiff claims that she worked a certain amount of overtime and received no overtime pay, which she demands by way of the Complaint,

_____
MS

-1-

and the Plaintiff and her counsel believe that the settlement with the Defendants, under the terms set forth in the Agreement, is fair, reasonable, and adequate, and is in the best interest of the Plaintiff in light of all of the known facts and circumstances, including the risk of delay, defenses asserted by the Defendants, and other issues; and

**E.     WHEREAS**, the Defendants expressly deny any liability or wrongdoing of any kind associated or relating to the claims made in the Complaint. The Defendants contend that they have complied with all applicable federal, state, or local laws at all times. By entering into this Agreement, the Defendants do not admit liability or wrongdoing and expressly deny the same; it is expressly understood and agreed that the Agreement is being entered into by the Defendants solely for the purpose of avoiding the costs and disruption of ongoing litigation. Nothing in the Agreement, settlement proposals exchanged by the Parties, or any motions filed or Orders entered pursuant to this Agreement is to be construed or deemed an admission by the Defendants of any liability, culpability, or wrongdoing, and the Agreement, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible in any arbitration or legal proceedings for any purpose, except in an action or proceeding to approve, interpret, or enforce the Agreement; and

**NOW, THEREFORE,** in consideration of the mutually negotiated promises, covenants, and obligations in this Agreement, the Parties reach a final settlement upon the terms set forth below:

**AGREEMENTS**

1.     In settlement of all of the Plaintiff's claims under the Fair Labor Standards Act and all claims that were brought in the Complaint, Defendants agree to pay and Plaintiff agrees to

MS                                                            -2-

accept the total sum of TWO THOUSAND DOLLARS & 00/100 ($2,000.00), inclusive of alleged damages and attorneys fees, to be paid as set forth below.

2. In return for the consideration set forth under Paragraph 1 hereof, Plaintiff hereby voluntarily remises, acquits, releases, satisfies and forever discharges, on her own behalf (and on behalf of anyone who could claim by and through her) Vertilux Limited and Vertilux Management, Inc. and their predecessors and successors in interest, assignees, affiliated institutions and entities, and their past, present and future officers, directors, trustees, supervisors, members, managers, employees, agents, attorneys and representatives, insurers, and Jose Garcia, Bernardo Mendez, and Javier Hernandez (collectively "Defendant Releasees"), in their individual and official capacities, of and from, any and all claims and demands, past or present, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which the Plaintiff and her heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees have made in the Complaint.

3. Plaintiff promises that she will never hereinafter sue or make charge against the Defendant Releasees concerning any claims that Plaintiff is waiving and releasing herein.

4. The Parties agree to cooperate fully to obtain an Order from the United States District Court for the Southern District of Florida, approving this Settlement Agreement, as expeditiously and cost-effectively as possible, and the Parties agree to file a joint stipulation for dismissal of the Complaint with prejudice, if the Complaint is not automatically dismissed with prejudice by the Court.

5.  It is further agreed and understood that Defendants will pay Plaintiff the total sum of TWO THOUSAND DOLLARS & 00/100 ($2,000.00) ("Settlement Amount") discussed in Paragraph 1 hereof, in the following manner:

> A)  MERCEDES SUROS will receive a total of **$500.00** for wages (from which Defendants will take withholdings); Defendants will make payment of this amount by check payable to MERCEDES SUROS, which shall be delivered to Plaintiff's counsel as set forth below; and
>
> B)  MERCEDES SUROS will receive a total of **$500.00** for liquidated damages or other non-wage damages, including damages for emotional distress (from which Defendants will make no withholding); Defendants will make payment of this amount by check payable to MERCEDES SUROS, which shall be delivered to Plaintiff's counsel as set forth below; and
>
> C)  A check will be made payable to AN Law Firm, P.A. and shall be in the amount of **$1,000**, covering attorney fees and costs.

Defendants will deliver the three settlement checks referenced above within twenty-five (25) days of receipt by counsel for Defendants of a copy of this Agreement signed by the Plaintiff (the "Receipt Date") and W-9s for Plaintiff and Plaintiff's counsel, AN Law Firm, P.A., if prior to such due date the Court has entered an Order approving this Settlement Agreement as contemplated above. If an order approving this Settlement Agreement is not entered by the above due date, then the three settlement checks listed above shall be due two business days after the entry of an Order approving this Settlement Agreement.

Defendant Releasees shall issue a form 1099 to Plaintiff' counsel, AN Law Firm, P.A., whose tax identification number is 47-3480963. Defendants shall cause all of the checks referenced in this Paragraph to be delivered to the following address: AN Law Firm, P.A., 7900 Oak Lane, Suite 400, Miami Lakes, Florida 33016. Payment by Defendants or Defendants' agent or representative of the Settlement Amount shall constitute effective consideration for Plaintiff's obligations under this Agreement, the sufficiency of which Plaintiff hereby acknowledges.

Plaintiff and/or beneficiaries have not sought, applied for, received, or been declined any Medicare, Medicaid or any other similar benefit offered or available through any local, state or federal government in connection with Plaintiff's damages. Plaintiff and/or beneficiaries do not, in the future, intend to seek, apply for or receive any Medicare, Medicaid or any other similar benefit offered or available through any local, state or federal government in connection Plaintiff's damages. In the event that Plaintiff and/or beneficiaries have received in the past or receive in the future any Medicare, Medicaid or any other similar benefit offered or available through any local, state or federal government in connection with Plaintiff's damages, that is the subject of this Settlement Agreement and Release, Plaintiff and/or beneficiaries have the sole and exclusive responsibility to satisfy any payment, repayment or lien obligations in connection therewith; and further Plaintiff and beneficiaries expressly release the Defendant Releasees from any such payment, repayment or lien obligations; and further still, Plaintiff and beneficiaries shall defend, indemnify and hold harmless the Defendant Releasees in connection therewith.  The Defendant Releasees assume no further liability to the Plaintiff, beneficiaries, or any third parties, including but not limited to amounts due to any and all health care providers or persons furnishing services to the Plaintiff and/or beneficiaries of any nature whatsoever.

6. Plaintiff's W2 forms will reflect the wage portion of the Settlement Amount and she will receive a 1099 on the liquidated portion and non-wage damages of the settlement.

7. It is expressly understood and agreed by Plaintiff that Defendants do not represent or guarantee that taxes should not be paid on any portion of the settlement payments representing liquidated damages, non-wage damages, and/or attorneys' fees.  Plaintiff further acknowledges that it is her responsibility to make the necessary tax payments, if any may be required, and she

agrees to indemnify and hold Defendant Releasees harmless with respect to any amounts which should have been paid by Plaintiff or their counsel.

8.     In consideration of the monies and other good and valuable consideration provided for herein, Plaintiff represents and warrants that she will comply with all the terms of this Agreement.  The Parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party, if that party prevails in any legal action related thereto, not only to damages, but to injunctive relief to enjoin the actions of the breaching party, as well as attorneys' fees and costs.

9.     This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns.  If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Paragraph 2, including subparts, as to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding.  Plaintiff acknowledges that she has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

10.    It is further understood and agreed that the Settlement Amount, paid as set forth above and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final release effected thereby. The Parties hereby represent and warrant that they have entered into this Agreement of their own free will and accord and in accordance with their own judgment.  The Parties hereby state that they have made a full and independent investigation of all the facts and representations relating to this Agreement and release and therefore state that the Parties have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character other than those

specifically set out herein.  The Parties specifically state that they are executing this Agreement knowingly and voluntarily.

11. The Parties hereto acknowledge that this Agreement is enforceable in the courts of Florida.  Plaintiff and Defendants hereby waive any pleas of jurisdiction or venue as not being residents of Miami-Dade County, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Miami-Dade County, Florida.

12. It is further agreed that, other than as specifically set forth in this Agreement, each party shall bear their or its own costs and attorneys' fees, incurred in handling the matters covered by this Agreement, with the exception of enforcement of this Agreement (if necessary), as described in Paragraph 8 above.

13. Plaintiff understands and agrees that she would not receive the monies and/or benefits specified above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

14. This Agreement cannot be modified, altered or changed except by a writing signed by the Parties wherein specific reference is made to this Agreement.

15. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties with respect to settlement of the claims made in the Complaint, and it supersedes any other agreement entered into by the Parties regarding the same subject matter.  As such, there is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.  The Parties may enter into other agreements to resolve any claims other than those claims asserted in the Complaint.

16. The Parties agree that this Agreement can be executed by the Parties in multiple parts, or in counterparts, each of which shall be considered an original. The Parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed Agreements are missing.

17. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The Parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

_____          _____
Date                                                                                  **MERCEDES SUROS**

Sworn to and subscribed before me this _____ day of _____, 2020, by MERCEDES SUROS who is personally known to me [or who has produced _____ as identification].

_____
Notary Public – State of Florida

_____
Print Name of Notary
Commission #:_____
Commission Expires:_____

|  | **VERTILUX LIMITED** |
|---|---|
| _____<br>Date | By:_____ |
|  | _____<br>Print Name & Title |
|  | **VERTILUX MANAGEMENT, INC.** |
| _____<br>Date | By:_____ |
|  | _____<br>Print Name & Title |
| _____<br>Date | _____<br>**JOSE GARCIA** |
| _____<br>Date | _____<br>**BERNARDO MENDEZ** |
| _____<br>Date | _____<br>**JAVIER HERNANDEZ** |